**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **LELAND SHAWN JOHNSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 6:15cv837** |
| | § | |
| **CITY OF WHITEHOUSE, TEXAS,** | § | |
| | § | |
| **Defendant.** | § | **JURY DEMANDED** |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

LELAND SHAWN JOHNSON files this Plaintiff's Original Complaint against the City of Whitehouse, Texas, and would respectfully show the Court as follows:

**A.   PARTIES**

1.      Plaintiff Leland Shawn Johnson is an individual who resides in Whitehouse, Smith County, Texas.

2.      Defendant City of Whitehouse, Texas, is a municipal corporation.   It is located in Smith County, Texas, and does business in the Eastern District of Texas.   The Defendant, City of Whitehouse, Texas may be served by serving its Mayor, Charles Parker at 101 Bascom Road, Whitehouse, Texas 75791.

**B.   JURISDICTION AND VENUE**

3.      Plaintiffs seek redress for violations of rights guaranteed by the Constitution of the United States; therefore, Plaintiff's claims present a federal question.   In particular, this is an action for compensatory and punitive damages for deprivation of civil rights under the provisions

of 42 U.S.C. § 1983.   The Court's jurisdiction is invoked under 28 U.S.C. § 1343(a)(3).   Plaintiff

also invoked the Court's pendent jurisdiction and presents to the Court his cause of action based on

the Texas Whistleblower Act.

4.      Venue is properly placed because the occurrence which is the basis for this lawsuit

occurred in the Eastern District of Texas.   *See* 28 U.S.C. § 1391.

## C. <u>FACTUAL BACKGROUND</u>

5.      Plaintiff was employed as a police officer for Defendant the City of Whitehouse,

Texas, from November, 2012, until July 17, 2015.   Plaintiff was a police officer in Texas and in

the Smith County area for approximately fifteen years prior to the incident described below.

6.      On or about May 14, 2015, Officer Leland Shane Johnson, Plaintiff herein, was at

home after working his day shift with the City of Whitehouse Police Department.   Officer

Johnson completed his shift at approximately 6pm and had just changed clothes when he received

a frantic call from his wife who lived a short distance away in the City of Whitehouse.   Officer

Johnson's wife related that she had been assaulted by Whitehouse Police Chief Craig Shelton who

had "forced himself" upon her.   Officer Johnson immediately called Whitehouse Police

Lieutenant Bradley and Captain Dinger to report the criminal offense.   These officers possessed

the jurisdiction and authority to investigate criminal acts occurring within the City of Whitehouse.

Officer Johnson then drove to the wife's residence during which time she sent him text messages

stating that Shelton has returned and was trying to re-enter the front door.   As Officer Johnson

was approaching the wife's residence, Shelton had left the premises a second time and was

observed by Johnson to be turning around in a nearby school yard up the street from the wife's

house as if to return a third time.   By this time, Shelton was driving his official Whitehouse Police

vehicle.   Officer Johnson confronted Shelton at that time and told him to stay away.   Officer Johnson then arrived at the wife's residence where an on-duty Whitehouse police officer had also arrived in response to the calls placed by Officer Johnson to Lieutenant Bradley and Captain Dinger.

7.      While there, Officer Johnson learned the following from listening to his wife's report to the Whitehouse police officer:   Shelton, City of Whitehouse City Manager Kevin Huckabee and an IT contractor for the City came to Officer Johnson's wife's home shortly after 5:00pm.   They were in a private vehicle apparently driven by the IT contractor and all three entered the home and were drinking beer at the time.   The three men stayed in the living room while Shelton lured Johnson's wife into the bedroom area.   This was done by non-verbal motioning, verbal misrepresentations and by text messages to the wife's phone.    Shelton falsely told the wife that he (Shelton) had something to tell her about Officer Johnson.   Once Shelton and Johnson's wife were in the bedroom/bathroom area, Shelton began forcibly kissing and groping the wife's private areas.   The wife resisted, but did not call out at that time since her 10-year old son was on the couch in the living room and she did not want to alarm him.   The wife threatened Shelton with a handgun by showing him a target from her recent handgun qualification.   Shelton then left the premises with the City Manager and the IT contractor.   Shelton returned a short time later driving his City police vehicle and attempted to enter the home again, but the wife did not permit him to enter.

8.      At all times, Shelton was dressed in his Whitehouse Police uniform with his duty weapon clearly displayed.

9.     Later that same evening, Shelton "fired" Officer Johnson, Whitehouse Police Lieutenant Bradley and Captain Dinger by telling them to turn in their equipment the next morning.   The following day, this action was affirmed as a "suspension with pay" by the Mayor, acting Police Chief Pearson, interim Police Chief Finkelstein and Interim City Manager Wright. The action was further ratified by the Whitehouse City Council in an emergency meeting on May 18, 2015, when no corrective action was taken

10.     After an "internal investigation", Captain Dinger was disciplined and Officer Johnson was terminated on July 17, 2015.   This occurred in the following manner as to Plaintiff Johnson:   On the evening of July 16, after hours, the City Attorney forwarded to Johnson's counsel a letter from Interim Police Chief Finkelstein finding that Johnson had violated two city personnel policies and advising Johnson that if he did not resign by 9:00am the following morning, he would be terminated.   The timing of this letter and of the deadline therein makes it clear that the City had no intention of permitting Johnson a meaningful opportunity to respond to the allegations therein.   Johnson did not resign as no circumstances existed which justified such action.   Officer Johnson has never received a formal or informal termination notice from the City. Later in the day (July 17), a city official was quoted in a media report that Johnson had been terminated.   Additionally, a copy of the letter demanding resignation appeared in a media report, apparently having been published to the media by a representative of the City of Whitehouse. That letter contained false and stigmatizing charges as to Officer Johnson which have caused him additional emotional distress and which have rendered it nearly impossible for him to seek law enforcement or other employment elsewhere.   Subsequently, Officer Johnson requested a name clearing hearing be convened by the City.   That request was not granted.

11.     From November 30, 2012, until his suspension on May 15, 2015, Officer Johnson routinely reported to work 15-30 minutes early each shift and stayed at work approximately 10 minutes after the end of his shift.   Thus Officer Johnson worked 25-40 minutes each day for which he was not compensated by the City.   Additionally, the City maintained what was called "flex time" which operated as follows.   When the City had no funds to pay overtime, officers still worked the extra hours but maintained "flex time" on City records to record the unpaid overtime hours worked.   Officers were later allowed to take off an hour of regular time for each flex time hour on their "book".   This record was kept separate from City payroll records which did not reflect the overtime and which falsely reflected that the officers worked regular hours when, in fact, they took off for accumulated flex time.   This practice concealed the unlawful policy of the City to reimburse flex time (overtime previously worked) with time off on a 1:1 ratio rather than the 1.5:1 ratio required by law.   Effectively, officers were required to work overtime and were not compensated at a rate of 1.5 times their regular pay.

### D.   <u>FIRST CAUSE OF ACTION – DUE PROCESS DEPRIVATION</u>

12.     Plaintiff Officer Johnson was employed by Defendant the City of Whitehouse, Texas.   Plaintiff was discharged, constructively or otherwise, on July 17, 2015, by Defendant. On that day, the City published a letter to the Tyler media along with the statement that Plaintiff had been terminated.   In that letter, the City made statements which created a false and defamatory impression about Plaintiff.   Said statements have stigmatized Plaintiff and have foreclosed him from other employment opportunities.   Plaintiff was given no opportunity to clear his name or rebut the false charges prior to their publication to local media by the City.   Plaintiff requested a meaningful, public name clearing hearing which was not provided by the City.

13.     These actions by the City have deprived Plaintiff of due process and liberty rights under the Substantive Due Process clause of the 14th Amendment to the U. S. Constitution. Plaintiff brings this action for damages, injunctive relief, reasonable attorney's fees and costs of court pursuant to 42 U.S.C. § 1983.

### E.   SECOND CAUSE OF ACTION – VIOLATION OF THE TEXAS WHISTLEBLOWER ACT

14.     Officer Johnson was employed by the City of Whitehouse and made a good faith report to Whitehouse Police Lieutenant Bradley and also to Police Captain Dinger of the reported unlawful assault upon his wife by Whitehouse Police Chief Shelton.   The report was of an illegal act which Officer Johnson believed had been committed by Craig Shelton, then the appointed police chief for the City of Whitehouse.   Indeed, Shelton was later indicted by a Smith County grand jury for assault arising from the incident.

15.     The aforementioned Captain Dinger and/or Lieutenant Bradley referred the report to the Texas Rangers Division of the Texas Department of Public Safety.   The Texas Rangers are likewise a law enforcement agency with the jurisdiction and authority to investigate such reports of illegal acts.   Upon learning that his actions had been reported to law enforcement, then Chief Shelton immediately (that very evening) took action to suspend and/or terminate Officer Johnson, Captain Dinger and Lieutenant Bradley.   All three officers were suspended/terminated simultaneously.   This action was confirmed by the Mayor and other city supervising officials the following day.   Thus, Officer Johnson suffered an adverse employment action by his department hear with the Whitehouse Police Department due to his reporting of an illegal act by that very supervisor.   City Manager Huckabee was with Shelton during his time, was aware of the adverse employment action as to Johnson, and ratified same by taking no action to overrule Chief Shelton.

16.     The aforementioned wrongful and adverse employment actions taken as to Officer Johnson constitute violations of the Texas Whistleblowers Act, Government Code § 554.001, *et seq*. by the City of Whitehouse, Texas, Defendant herein.

17.     Said violations by the City have damaged Officer Johnson in the manner alleged herein.   Plaintiff Johnson was employed as a police officer for Defendant, the City of Whitehouse, when he made the report of the unlawful act by Police Chief Shelton.   Officer Johnson was initially told to "turn in his equipment" by his Chief of Police Shelton.   He was advised the next day that he was suspended with pay in such a manner as to preclude his working his regular off-duty security jobs.   This caused him great economic hardship and was a result well known to city officials.   On July 17, 2015, Johnson was terminated for charges which were false and minor when compared to the conduct of the city manager and Police Chief Shelton, both of whom were reinstated to their positions with the City of Whitehouse.   This disparate treatment illustrates that the City's stated reason for the termination of Officer Johnson was but a pretext for a more sinister motive.   The above actions by the City constituted adverse employment actions directed toward Johnson and occurred within 90 days of Johnson making his initial report of the unlawful act by Shelton on May 14, 2015, thus a legal presumption applies that the adverse actions occurred because Johnson made the report. (Texas Government Code § 554.004(a)).

### F.     THIRD CAUSE OF ACTION – FAIR LABOR STANDARDS ACT VIOLATIONS

18.     Officer Johnson worked an average of 25-40 uncompensated minutes each shift which occurred seven times in each two-week pay period during the time he was employed by the City of Whitehouse.   Officer Johnson worked a substantial number of overtime hours for which he was compensated by being permitted to take off a corresponding number of hours of regular

time at a 1:1 ratio of overtime hours to regular time taken off.   The City's acceptance of Officer

Johnson's additional work time each shift and the failure to compensate for such time is a violation

of the Fair Labor Standards Act.   The City's failure to compensate Officer Johnson for overtime

worked at a rate of 1.5 times his regular pay is a violation of the Fair Labor Standards Act.

Officer Johnson brings this action for damages pursuant to 29 U.S.C.A. § 216(b).

## G. DAMAGES

19.     Officer Johnson has suffered economic damages in the form of lost income which

were directly caused by the suspension which occurred on May 15.   In particular, Officer Johnson

was prevented from working several extra security jobs which provided a steady stream of income

in addition to his meager salary from the City of Whitehouse.   Officer Johnson has suffered great

hardship due to this loss and has been forced to sell personal belongings in order to pay monthly

bills.

20.     Officer Johnson has been stigmatized and embarrassed by the City's actions as

described above.   His ability to gain and/or retain future employment has been impaired by the

City's actions as alleged herein.   Officer Johnson seeks damages for future pecuniary losses,

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other

non-pecuniary losses in the maximum amount allowed by law. (Texas Government Code §

554.003).

21.     Officer Johnson further seeks damages for actual damages, lost income, unpaid

wages and overtime due to the City's violation of the Fair Labor Standards Act, liquidated

damages pursuant to 29 U.S.C.A. § 216(b), lost future income and earning potential, mental

anguish, emotional distress, medical bills, emotional pain, suffering, inconvenience, court costs,

reasonable attorney fees and costs of suit in the maximum amount allowed by law.

22.     Officer Johnson seeks the following injunctive relief:   reinstatement to his former position as a police officer for the City of Whitehouse Police Department with a corresponding reinstatement of all fringe benefits and seniority rights which may have been lost due to the City's wrongful actions as alleged herein.

23.     It was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney's fees and cost under 42 U.S.C.§ 1988(b).

## Prayer

24.     For the reasons stated, Plaintiff seeks judgment against the Defendant for the following:

    a.      All actual damages sustained by Plaintiffs;

    b.      Injunctive relief and hereinabove requested;

    c.      Prejudgment and post-judgment interest;

    d.      Costs of suit and attorneys' fees; and

    e.      All other relief the court deems appropriate, at law or in equity.

Respectfully submitted,

**LAW OFFICE OF CHARLES H. CLARK, P.C.**
604 Woldert
P.O. Box 98
Tyler, Texas   75710
Telephone:   (903) 593-2514
Facsimile:   (903)595-1294


/s/ Charles H. Clark
Charles H. Clark
SBN 04274000
chc@charlesclarklaw.com

ATTORNEY FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via ECF on this 17th day of September, 2015.


/s/ Charles H. Clark
Charles H. Clark