**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| LELAND SHAWN JOHNSON | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:15cv-837 |
| | § | |
| CITY OF WHITEHOUSE, TEXAS | § | |

**SCHEDULING AND DISCOVERY ORDER**

Based on a review of the case, and in accordance with the parties' Proposed Scheduling and Discovery Order, the Court finds that a scheduling conference is not necessary and enters this case specific order which controls disposition of this action pending further order of the Court. **ACCORDINGLY, THE SCHEDULING CONFERENCE SET FOR DECEMBER 1, 2015, IS HEREBY CANCELED.**

I. **SUMMARY OF CRITICAL DATES**

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to serve initial disclosures (¶ 1) | March 3, 2016 |
| Deadline to add additional parties (¶ 2) | March 22, 2016 |
| Deadline to amend pleadings (¶ 2) | March 22, 2016 |
| Deadline to file motions to dismiss (¶ 3) | April 8, 2016 |
| Deadline to exchange privilege logs (¶ 4) | May 9, 2016 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof (¶ 5) | May 8, 2016 |

| | |
|---|---|
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof (¶ 5) | June 8, 2016 |
| Deadline to notify Court of mediator (¶ 7) | July 8, 2016 |
| Discovery deadline (¶ 6) | August 10, 2016 |
| Deadline to complete **required** mediation (¶ 7) | August 17, 2016 |
| Deadline for dispositive motions (including *Daubert* motions) (¶ 8) | August 24, 2016 |
| Deadline for parties to exchange pretrial disclosures (¶ 9) | September 8, 2016 |
| Deadline for parties to exchange objections to pretrial disclosures (¶ 9) | September 22, 2016 |
| Deadline for parties to meet and confer on resolving objections (¶ 10) | September 29, 2016 |
| Deadline to file pretrial materials (¶ 11) | October 6, 2016 |
| Deadline for parties to exchange exhibits (¶ 12) | November 2, 2016 |
| Pretrial conference and trial setting (¶ 13) | **November 7, 2016 at 9:00 a.m. in Tyler, Texas** |

## II.  SCHEDULING INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure[1] and the local rules of this Court (except as modified herein), the Court, having considered the joint report submitted by the parties, finds that the schedule set forth above governs the disposition of this case.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

**The deadlines imposed in this order are firmly in place, absent the few exceptions set forth below. The Court has reviewed and taken into consideration the parties' Joint Discovery/Case Management Plan. In so doing, the Court assumes that the parties thoroughly discussed the issues prior to submitting their joint plan. Accordingly, a party is not excused from the requirements of this order because it has not completed its investigation of the case or because another party has not complied with the deadlines. A party is not excused from the requirements and deadlines set forth due to the status of pending motions, including dispositive motions, motions to change venue, or motions for continuance.**

1. **Initial Disclosures:** Without waiting for a request, the parties must exchange their required disclosures under Rule 26(a)(1). The parties must also disclose a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and ***that are relevant to the claim or defense of any party***.

    Because documents relevant to any claim or defense are to be produced, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

    **Duty to Supplement:** Each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the

---

[1] Unless otherwise noted, all references to "Rules" in this order refer to the Federal Rules of Civil Procedure. Updates to the Rules that become effective December 1, 2015, will be reflected in future amendments of this order.

basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

2. **Joinder of Parties or Amendment of Pleadings:** All joinder of additional parties or amendments of pleadings must be filed by the date listed above. Fed. R. Civ. P. 16(b)(1). This deadline also applies to the designation of responsible third parties.

3. **Motions to Dismiss:** All motions asserting defenses under **Rule 12(b)(6)** must be filed by the date listed above.

4. **Privilege Logs:** There is no duty to disclose privileged documents or information, but the parties must exchange privilege logs by the deadline set forth in this order. No later than 30 days after exchanging privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any party's privilege log.

5. **Experts:**

    a. **Designation of Expert(s) and Report(s) by Party With the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each **expert witness** who will testify at trial on each issue for which that party bears the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). *Each party is limited to two testifying expert witnesses.*

    b. **Designation of Expert(s) and Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each **expert witness** who

will testify at trial on each issue for which that party does not bear the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). ***Each party is limited to two testifying expert witnesses.***

c. **Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party. Fed. R. Civ. P. 16(b)(1).

d. **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than deadline for dispositive motions. *See* ¶ 8.

6. **Completion of Discovery:** All **discovery**—including discovery concerning expert witnesses—must be completed by the date listed above. The parties may agree to extend this discovery deadline, provided (i) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission deadlines; and (ii) **written notice** of the extension is given to the Court.

   Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties must proceed in accordance with Local Rule CV-26(f).

7. **Mediation:** The parties must file a **Joint Report** informing the Court of their choice of an agreed-upon mediator. In the event the parties are unable

to agree upon a mediator, the parties must file a notice indicating the deadlock. The parties are required to mediate their case pursuant to the Court-Annexed Mediation Plan (available on the Court's website).

8. **<u>Dispositive Motions:</u>** All motions that would dispose of all or any part of this case (including motions for **summary judgment and *Daubert* motions**) must be filed by the date listed above. The parties are reminded of the page limits set forth in Local Rule CV-7(a)(1) (e.g., no more than 30 pages per motion). Additionally, if more than one summary judgment motion is filed, the parties are reminded of the limitations set forth in Local Rule CV-7(a)(3) (e.g., no more than 60 pages total for all summary judgment motions filed). The Court will disregard any pages exceeding these limits.

9. **<u>Pretrial Disclosures and Objections:</u>** Unless otherwise directed by the Court, the parties must serve the disclosures required by Rule 26(a)(3)(A) by the pretrial disclosure deadline listed above. (The parties need not file this information with the Court until the deadline to file pretrial materials.) With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use.

Within **14 days thereafter,** a party must serve a list disclosing any objections, together with the grounds therefor, to: (i) the use under Rule 32(a) of a deposition designated by another party under Rule

26(a)(3)(A)(ii); (ii) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[2] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

10. **Meet and Confer Requirement:** The parties are expected to cooperate in the exchange of information to ensure that objections may be timely filed. The parties also must adhere to the meet and confer requirement set forth in Local Rule CV-7(h) **before filing their objections to the pretrial materials** (*see* ¶11). This will help to narrow issues that are *actually* in dispute. The Court will exclude any exhibit offered at trial unless the parties timely comply with this section.

11. **Pretrial Materials:** All pretrial materials must be filed by the date listed above. Specifically, by this date the parties must file the following:

    a. **Pretrial Order:** A joint proposed pretrial order must be submitted by Plaintiff's attorney (available on the Court's website). If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders**. When the joint pretrial order is approved by the Court, it will

---

[2] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

control all subsequent proceedings in this case.

b. **Witness List:** A list of witnesses, in alphabetical order, must be filed by each party. (A sample form is available on the Court's website.) The list must divide the persons listed into groups of **"will call," "may call," and "may, but probably not call"** and must provide:

    **(i)** the **names and addresses** of each witness;

    **(ii)** a **brief narrative summary** of the testimony;

    **(iii)** whether the witness has been **deposed**; and

    **(iv)** the **expected duration** of direct and cross-examination of the witness.

c. **Exhibit List and Deposition Testimony Designation:** A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions that a party in good faith intends to offer at trial must be filed by each party. Regarding the exhibits, the parties must adhere to the following requirements:

    **(i)** Describe with specificity the documents or things in numbered sequence.

    **(ii)** Exhibits must be numbered numerically and in succession, and must be marked with the case number. They must be marked **before trial** with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "PX1-Jones" or "DX1-Miller."

    WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED. FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE

SHOULD BE MARKED AS "PX1-1," THE SECOND PAGE MARKED AS "PX1-2," AND THE THIRD PAGE MARKED AS "PX1-3."

    **(iii)** Each party must also file written objections to the opposing party's exhibits and deposition designations or a notice of no objections. Objections must be filed with the proposed pretrial order and should identify the contested exhibit by number and **explain in detail** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.

d. **Jury Instructions in Jury and Non-Jury Trials:** Proposed jury instructions and verdict forms must be filed jointly. If the parties disagree on the proposed instruction, Plaintiffs should italicize their proposed language, and Defendants should underline their proposed language. The basis for and legal authority supporting each party's proposed language should be set forth in footnotes. The Court may seat an advisory jury in a non-jury case. Thus, the parties are required to file proposed jury instructions even if the parties have not demanded a jury.

e. **Proposed Findings of Fact and Conclusions of Law:** In a case involving factual issues to be resolved by the Court, proposed findings of fact and conclusions of law must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs. The Court may seat an advisory jury in a non-jury case. Thus, the parties must also file proposed jury instructions even if the parties have not demanded a jury trial.

f. **Limited Number of Motions in Limine:** Motions in limine should not be filed as a matter of course. Parties may file motions in limine on no more than **TEN discrete topics** (no subparts) that are actually in dispute. (Good faith compliance with the conference requirements of Local Rule CV-7(h) will help to narrow issues that are *actually* in dispute). The Court will strike all motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues. The moving party must promptly notify the Court in the event the parties resolve any of the motions in limine. Responses to motions in limine are due within two business days of the filing of the motion.

g. **Voir Dire:** The parties must file any proposed voir dire questions which the Court is requested to ask during its examination of the jury panel.

h. **Trial Briefs:** Trial briefs may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit and Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

12. **Exchange of Exhibits:** No later than **three business days before the pretrial conference,** counsel for each party intending to offer exhibits must **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel. **The parties must also provide the Court with a courtesy copy of the exhibits by this date. The exhibits must be on a CD in .pdf format.**

13. **Pretrial Conference:** A pretrial conference in the case is set on the date and at the location indicated above. Lead counsel for each party must

attend, or, if the party is proceeding pro se, the party must attend. Fed. R. Civ. P. 16 (c),(d). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be addressed at that time, and procedures for trial will be discussed. **At the final pretrial conference, the parties will be assigned a specific trial date beginning within four weeks of the final pretrial conference.** Parties should be prepared to conduct jury selection at any time after the final pretrial conference.

14. **Modification of Scheduling and Discovery Order:** As addressed above, this order will control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed. R. Civ. P. 16(b). Any request that the trial date of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery. Neither pending motions nor the failure to complete discovery establish good cause for a continuance.

15. **Sanctions:** Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions. If the *Plaintiff* does not timely file the required pretrial material, the case will be dismissed. If the *Defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the Defendant/third party will not be permitted to present witnesses or exhibits

at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal will be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

**It is SO ORDERED.**

**SIGNED this 13th day of November, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE